IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

No. 11-2770

FIDELIS I. OMEGBU,

          Plaintiff-Appellant,

  v.

UNITED STATES OF AMERICA,

          Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE HONORABLE WILLIAM E. CALLAHAN, JR.
UNITED STATES MAGISTRATE JUDGE, PRESIDING

Case No. 10-C-765
_____

BRIEF OF DEFENDANT-APPELLEE
UNITED STATES OF AMERICA

                JAMES L. SANTELLE
                United States Attorney

                /s Brian E. Pawlak

                BRIAN E. PAWLAK
                Assistant United States Attorney
                Attorneys for Defendant-Appellee

530 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.    THE DISTRICT COURT'S ERROR THAT PLAINTIFF WAS
         SEEKING DAMAGES OF $18 MILLION AND NOT DAMAGES IN
         EXCESS OF $180 MILLION WAS HARMLESS. . . . . . . . . . . . . . . . . . . . . . . 9

    II.   THE DISTRICT COURT CORRECTLY DISMISSED PLAINTIFF'S
         TORT AND CONSTITUTIONAL ALLEGATIONS BASED UPON
         LACK OF SUBJECT MATTER JURISDICTION. . . . . . . . . . . . . . . . . . . . . . 10

    III.  THE DISTRICT COURT CORRECTLY DENIED PLAINTIFF'S
         PRIVACY RIGHTS  ALLEGATIONS BECAUSE THEY WERE NOT
         ALLEGED AGAINST THE DEFENDANT AND WERE BARRED
         BY THE STATUTE OF LIMITATIONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    IV.  THE DISTRICT COURT DID NOT ERR WHEN IT DENIED
         PLAINTIFF'S MOTION FOR RECONSIDERATION. . . . . . . . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE AND SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## CASES

*Abcarian v. McDonald*, 617 F.3d 931 (7th Cir. 2010)...................................... 19

*Alexander v. United States*, 787 F.2d 1349 (9th Cir. 1986) ............................. 13

*Anthony v. Security Pacific Financial Services,* Inc., 75 F.3d 311 (7th Cir.1996) .......... 10

*Bergman v. United States*, 751 F.2d 315 (10th Cir. 1984) ............................. 13

*Bowen v. City of New York*, 476 U.S. 467 (1986). ..................................... 18

*County of McHenry v. Insurance Company of the West*, 438 F.3d 813 (7th Cir. 2006). . . 11, 15

*Deloria v. Veterans Administration*, 927 F.2d 1009 (7th Cir. 1991). ................. 12-14

*FDIC v. Meyer*, 510 U.S. 471 (1994). ............................................... 14

*Health Cost Controls v. Skinner*, 44 F.3d 535 (7th Cir.1995)........................... 10

*King v. Cooke*, 26 F.3d 720 (7th Cir.1994) .......................................... 19

*Lane v. Pena*, 518 U.S. 187 (1996). ................................................ 11

*LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995). ............... 19

*Macklin v. United States*, 300 F.3d 814 (7th Cir. 2002)............................... 11

*Marcus v. Sullivan*, 926 F.2d 604 (7th Cir. 1991).................................... 18

*Oto v. Metro Life Ins. Co..*, 224 F.3rd 606 (7th Cir. 2000) ........................... 19

*Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506 (7th Cir. 2007). ...................... 9, 17

*Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991) ............................. 13

*United States v. Neustadt*, 366 U.S. 696 (1961)...................................... 13

*United States v. Orleans*, 425 U.S. 807 (1976)................................... 11, 16

*United States v. Sherwood*, 312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

Title 5, United States Code, Section 552a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 5, United States Code, Section 552a(g)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15, 17

Title 28, United States Code, Section 636(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Title 28, United States Code, Section 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Title 28, United States Code, Section 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Title 28, United States Code, Section 1346(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Title 28, United States Code, Section 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 16

Title 28, United States Code, Section 2674. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 17

Title 28, United States Code, Section 2679(b)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Title 28, United States Code, Section 2680. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Title 28, United States Code, Section 2680(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Title 42, United States Code, Section 405(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## OTHER AUTHORITIES

Federal Rules of Appellate Procedure 3(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

Federal Rules of Civil Procedure 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 17

Federal Rules of Civil Procedure 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure 73(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Seventh Circuit Rule 28(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

14 Wright, Miller & Cooper, Federal Practice and Procedure,
Section 3658.2 (3d ed. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## JURISDICTIONAL STATEMENT

The Defendant-Appellee (hereinafter "Defendant") submits this statement pursuant to Circuit Rule 28(b) because Plaintiff-Appellant, Fidelis I. Omegbu's (hereinafter "Plaintiff" or Omegbu) jurisdictional statement is not complete and correct.

Plaintiff's complaint (R. 1) in district court alleged tort claims against federal employees acting in the scope of their employment along with constitutional tort claims and claims under the Privacy Act, 5 U.S.C. § 552a. Generally, district courts have jurisdiction under 28 U.S.C. § 1346(b) to hear Federal Tort Claims Act ("FTCA") claims, under 5 U.S.C. § 552a(g)(1) to hear Privacy Act claims, under 28 U.S.C. § 1331 to hear Constitutional claims, and under 28 U.S.C. § 1343 to hear Civil Rights claims.

The Plaintiff and Defendant consented to the jurisdiction of a magistrate judge on September 3, 2010, and October 29, 2010, respectively. (R. 2, 5).

The district court eventually dismissed the entire case on July 18, 2011, including the FTCA and Constitutional claims for lack of subject matter jurisdiction, and the Privacy Act claims for failure to state a claim and as time-barred . (R. 26). Judgment was entered the same day. (R. 27). On August 1, 2011, the Plaintiff filed a motion for reconsideration thereby suspending the judgment's finality. *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). That motion was denied by the district court by order entered on September 14, 2011. (R. 41).

Two days after Plaintiff filed the motion for reconsideration (and before the district court denied it), the Plaintiff filed a notice of appeal on August 3, 2011. (R. 30). The notice

of appeal was premature (since the post-judgment motion had suspended the original decision's finality),  but when the decision did become final on September 14, 2011, the notice of appeal effectively was timely filed on that day. Fed. R. App. P. 4(a)(2). This Court has jurisdiction to review the district court's final decision under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.      Whether it was harmless error when the district court stated in its decision that Plaintiff was seeking $18 million in damages and not *in excess of* $180 million in damages.

2.      Whether the district court properly dismissed Plaintiff's intentional and Constitutional tort claims for lack of subject matter jurisdiction.

3.      Whether the district court properly dismissed Plaintiff's privacy claims for failing to state a claim upon which relief can be granted or in the alternative because they were barred by the statute of limitations.

4.      Whether the district court properly exercised its discretion in dismissing Plaintiff's motion for reconsideration.

### STATEMENT OF THE CASE

On September 3, 2010, the Plaintiff filed a thirty-one page complaint alleging numerous claims against the United States, including violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*.; the Federal Privacy Act, 5 U.S.C. § 552a; and Constitutional tort violations.  (R. 1).[1]  The complaint requests in excess of $180 million ($180,000,000.00) in damages.  (*Id.*).

Both parties consented to magistrate judge jurisdiction.  (R. 2, 5).  See 28 U.S.C. § 636(c); Fed. R. Civ. P.73(b)(1).

Prior to filing an answer to the complaint, on December 2, 2010, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6) or in the Alternative for Summary Judgment (R. 13) along with a supporting brief (R. 13).

On July 18, 2011, after the matter was fully briefed, the district court dismissed Plaintiff's complaint (R. 27).  The district court dismissed the FTCA and constitutional tort claims for lack of subject matter jurisdiction (*Id.*, pp 3-7), and the district court dismissed the Privacy Act claims for failing to state a claim and as barred by the Privacy Act's statute of limitations. (*Id.*, pp. 7-8).

The defendant filed a motion for reconsideration on August 1, 2011 (R. 28), and a Notice of Appeal on August 3, 2011 (R. 30).  After briefing on the motion, the district court summarily denied it on September 14, 2011.  (R. 41).

---

[1] "R" followed by a number refers to a docket entry in *Omegbu v. United States.*, 10-C-715 (E.D. Wis.).  If it is followed by a "p" (page) or "¶" (paragraph), the number following that designation refers to a specific portion of the docket entry.

## STATEMENT OF FACTS

The Plaintiff, a foreign national, immigrated to the United States from Nigeria in 1978. (R. 1, ¶ 24.).  The Plaintiff was approved for permanent residence on February 24, 1992, and applied for naturalization on March 21, 1996.  (R. 1, ¶¶ 5, 7).  As part of the application process, the Plaintiff submitted a Form N-400 to the Immigration and Naturalization Service, now know as the United States Citizenship and Immigration Services ("USCIS").[2]  (R. 1, ¶ 7).  On the form, the Plaintiff answered "no" when asked if he had ever "been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations."  (R. 1, ¶ 11; R. 16, ¶ 5, Attach. A).

As part of the normal vetting process, USCIS conducted a criminal background check on the Plaintiff. (R. 16, ¶5).  The Federal Bureau of Investigation ("FBI") provided the Plaintiff's criminal history, which indicated that Omegbu had been arrested on April 8, 1994, for theft.  (*Id.*).  On March, 18, 1997, the USCIS Milwaukee office interviewed the Plaintiff in conjunction with his application for naturalization. (R. 1, ¶ 8).  The Plaintiff again failed to disclose his prior arrest during the interview.  (R 16, ¶ 6).

On December 31, 1997, USCIS sent a letter to the Plaintiff, informing him of its decision to deny his application for naturalization.  (R 16, ¶ 7).  In the letter, USCIS advised the Plaintiff that his application had been denied because of a finding of lack of good moral

---

[2]For ease of discussion, the term United States Citizenship and Immigration Services ("USCIS") shall be used to encompass both its actions here and that of its predecessor, the Immigration and Naturalization Service.

character. (*Id*.). Specifically, the Plaintiff's naturalization was denied because he had failed to disclose his prior arrest on the application and during his interview. (*Id*.). The letter informed the Plaintiff of his right to request a review hearing on the decision within thirty days; otherwise the decision would become final. (R. 16, ¶ 7, Attach. C). The Plaintiff never disputed the arrest or requested a review of the denial decision. (R.16, ¶ 9, Attach. D).

On March 28, 2008, the Plaintiff received a copy of his Alien file from USCIS through a Freedom of Information Act request. (R. 1,. ¶ 40.) The Plaintiff's Alien file contained the criminal history of a James Earl Bailey ("Bailey record"), who had been arrested a total of seven times, including arrests in 1992, 1995, 1996 and 1999. (R. 1, ¶ 42; R. 16,. ¶ 9, Attach. D). In February 2009, the Plaintiff submitted an administrative tort claim to the United States Department of Justice, alleging that he was "intentionally wrongfully identified to be someone[] else, and was denied naturalization on account of" the FBI placing the third party's criminal record in his Alien file. (R. 17, ¶ 2, Attach. 1).

On September 3, 2010, Plaintiff filed the instant complaint. (R. 1). A fair reading of the 179 paragraphs in his complaint indicates that he had three principal causes of action. (*Id*.). In his complaint, Plaintiff numbered and labeled the "Claims for Relief" (*Id*., p. 21), which he described as follows: Count I—Violations of the Federal Tort Claims Act, Count II—Violation of the Plaintiff's Privacy Rights, and Count III—Violation of Plaintiff's Federal, Constitutional and Statutory Rights. (*Id*., ¶¶ 127-79). Counts I and III relate primarily to the Plaintiff's denial of naturalization. Count II relates to events in 2002 prior

to his arrest for election fraud, when the Plaintiff maintains the Milwaukee County Election Commissioner's Office ("MCEC") violated his federal right to privacy by releasing to the press false information regarding his criminal record without the Plaintiff's permission. (*Id.*, ¶¶ 145-154).

Plaintiff claimed that his naturalization application was denied because either the FBI or the USCIS intentionally placed the arrest record of a third party — James Earl Bailey — into his Alien file ("Bailey record") . (See R. 1, ¶¶ 39-46).  For example, the complaint states: "The event giving rise to these claims were the tortuous actions that resulted to the denial of . . . naturalization because of Mr. James Early Bailey criminal record being put into Omegbu's application file."  (*Id.*, ¶ 39).

On December 2, 2010, the Defendant brought a Motion to Dismiss or in the Alternative for Summary Judgment. (R. 13).  The district court granted Defendant's motion in its entirety and dismissed Counts I (FTCA) and II (Constitutional) of Plaintiff's complaint for lack of subject matter jurisdiction because the FTCA does not waive the United States' sovereign immunity for intentional or Constitutional torts.  (R. 26, pp. 4-7). The district court also dismissed Count II (Privacy) because Plaintiff's allegations appeared to be directed at non-federal actors; hence, he failed to state a claim under the Federal Privacy Act.  (R. 26, pp. 7-8).  Additionally, the district court held that Plaintiff's alleged violations took place in 2002 (see e.g., R. 1, ¶¶ 147,154), and the Privacy Act provides for a statute of limitations of just two years from the date the cause of action arises.  5 U.S.C. § 552a(g)(5).  (R. 26, p. 8).

## SUMMARY OF THE ARGUMENT

The district court properly dismissed the Plaintiff's complaint after determining that Counts I and Count III both alleged intentional tort violations which are barred by sovereign immunity.  Additionally, Plaintiff's privacy rights allegations in Count II were correctly dismissed because they failed to state a claim under the Federal Privacy Act and were barred by the statute of limitations.

The Plaintiff's substantial rights were not affected when the district court erroneously stated in its decision dismissing Plaintiff's complaint that Plaintiff was seeking damages of $18 million instead of stating that Plaintiff was seeking damages *in excess of* $180 million.  This was harmless error.

Plaintiff appeals an alleged denial of Social Security benefits.  However, Plaintiff did not plead these allegations in the complaint, nor did he show that he had met the necessary prerequisites to bring a Social Security complaint in district court.  Therefore, the district court did not err when it did not rule on this issue when it dismissed the complaint.

On appeal, Plaintiff has modified the factual basis for his intentional tort claim.  Originally, Plaintiff maintained that government agents intentionally placed another individual's criminal history record into his Alien file.  Now, he claims government agents manufactured his 1994 arrest and then used that as a basis to put another individual's criminal record into his file.  Because this argument was not presented to the district court, it has been waived.  In any event, it is still an allegation of an intentional tort and is precluded by sovereign immunity.

Plaintiff also argues that the Defendant violated his privacy rights by placing false arrest information in his Alien file.  The Federal Privacy Act, however, only applies to federal employees, and the allegations in the complaint were against non-federal actors.  Additionally, the Federal Privacy Act only provides for a two year statute of limitations, and the alleged actions occurred beyond that time period.

The decision of the district court dismissing Plaintiff's complaint should be affirmed.

**ARGUMENT**

I.   *THE DISTRICT COURT'S ERROR THAT PLAINTIFF WAS SEEKING DAMAGES OF $18 MILLION AND NOT DAMAGES IN EXCESS OF $180 MILLION WAS HARMLESS*

    A.     Standard of Review

Rule 61 of the Federal Rules of Civil Procedure provides that unless a party's substantial rights are affected, an error by the Court is not a basis for "modifying or otherwise disturbing a judgment or order." A district court's rulings on a party's motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are reviewed for abuse of discretion. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511 (7th Cir. 2007).

    B.     Discussion

On appeal, Plaintiff argues that the district court made an error in its decision dismissing Plaintiff's complaint when it stated that "Omegbu was seeking $18 million in various types of damages." Pet. Br., p. 22, *citing* R. 26, p. 1. Plaintiff stated in his complaint at paragraph 132 that he was seeking an "amount in excess of $180 million to compensate him for permanent and total disability, pain and suffering, lost income and loss of a meaningful life." Pet. Br., p. 22, *citing* R.1, ¶ 132.

The district court's error on the amount of damages the Plaintiff claims has no bearing on whether the complaint was properly dismissed. The FTCA does not have a damage threshold. *See* 28 U.S.C. § 2674 (the United States shall be liable, respecting the provisions of this title relating to tort claims in the same manner and to the extent as to a

private individual . . . .).  This case is not a diversity case where a monetary threshold is required for jurisdiction.  28 U.S.C. § 1332.  The district court did not make any findings with respect to any of the Plaintiff's alleged damages.  Hence, the error was harmless and cannot form the basis for modifying or disturbing the district court's judgment.  Fed. R. Civ. P. 61.

II.     THE DISTRICT COURT CORRECTLY DISMISSED PLAINTIFF'S TORT AND CONSTITUTIONAL ALLEGATIONS BASED UPON LACK OF SUBJECT MATTER JURISDICTION

A.     Standard of Review

The Court reviews *de novo* a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *Anthony v. Security Pacific Financial Services,* Inc., 75 F.3d 311, 315 (7th Cir.1996) (citing *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir.1995)).  The district court's resolution of jurisdictional factual issues in the context of a Rule 12(b)(1) motion is reviewed only for abuse of discretion.  *Id*

B.     Discussion

The district court correctly held that it lacked subject matter jurisdiction when it dismissed Plaintiff's claim (Count I of the complaint) that government agents misrepresented information – whether intentionally or negligently – by inserting another individual's criminal history record into Plaintiff's Alien file.

The district court also held that Plaintiff's constitutional allegations, found in Count II of the complaint, cannot be brought under the FTCA because the United States retains

its sovereign immunity, and therefore, it dismissed the claims due to lack of subject matter jurisdiction.  (R. 26, p. 7).

On appeal, Plaintiff makes a new argument that the false arrest and the inclusion of another individual's criminal history in his file was part of a larger scheme to manipulate his Alien file so that his naturalization would be denied.[3]  Pet. Br., pp. 33-34.  However, regardless of the precise factual basis for this new argument, it is still barred by sovereign immunity.

The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002).  A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Therefore, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has waived the Government's sovereign immunity in enacting the FTCA by providing an exclusive remedy for certain torts of federal employees acting within the scope of their employment.  28 U.S.C. § 2671 et seq.  *See also United States v. Orleans*, 425 U.S. 807, 813 (1976).  Specifically, under the FTCA, the United States is responsible for the tortuous conduct of its employees "in the same manner and to the same extent as a private

---

[3] To the extent that this is a new argument not presented to the district court, this theory of claim should be deemed waived.  *See generally*, *County of McHenry v. Insurance Company of the West*, 438 F.3d 813, 817-18 (7th Cir. 2006).

11

individual under like circumstances." See 28 U.S.C. § 2674. However, the FTCA also provides specific exceptions where the United States has not waived its sovereign immunity. 28 U.S.C. § 2680. Among those exceptions is the "intentional tort" exception: "[t]he provisions of this chapter . . . and section 1346(b) of this title . . . shall not apply to—[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h).

The Seventh Circuit and other circuits have held that claims alleging willful mishandling of records, such as the Plaintiff's, are essentially intentional tort claims that are barred by the intentional tort exclusion to the FTCA. For example, in *Deloria v. Veterans Administration*, 927 F.2d 1009 (7th Cir. 1991), the Plaintiff, a Vietnam War veteran, appealed the district court's dismissal of his FTCA claim, which alleged that the Veterans Administration ("VA") conspired to distort his medical records and deny him veterans' disability benefits. In upholding the dismissal of this claim, the Court of Appeals held that the Plaintiff's allegations were tantamount to a claim of misrepresentation or deceit and were therefore barred by 28 U.S.C. § 2680(h):

> The gravamen of Deloria's clam is that VA officials deliberately misrepresented and distorted his medical records, resulting in the denial of disability benefits. Deloria cannot sidestep the statutory limits of the FTCA by artfully couching his complaint in different jargon and pleading the VA officials conspired to deprive him of his benefits through alteration of his records. (Internal citation omitted) Because the United States retains its sovereign immunity with respect to charges of deceit and misrepresentation – regardless of the technical terms in which they are framed - the district court properly dismissed the . . . claim . . . for lack of jurisdiction.

12

927 F.2d at 1012-13.

Courts, including the Supreme Court, have also held that claims arising out of negligent misrepresentation are barred by § 2680(h).  For example, in *United States v. Neustadt*, 366 U.S. 696 (1961), the Court stated as follows:

> To say . . . that a claim arises out of "negligence," rather than "misrepresentation," when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, i.e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," . . . and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h).

*Id*. at 706-07.  *See also Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991) (holding that Plaintiff's FTCA claim that the government negligently maintained his employment records was a defamation (i.e. intentional tort) claim and thus not cognizable under the FTCA); *Alexander v. United States*, 787 F.2d 1349 (9th Cir. 1986) (holding that claim that government negligently failed to remove from Plaintiff's record information the state court allegedly ordered expunged was actually a claim for misrepresentation barred by § 2680(h)); *Bergman v. United States*, 751 F.2d 315 (10th Cir. 1984) (suit alleging that the government negligently failed to correct classification records held to be barred by 2680(h) immunity for claims arising from misrepresentation, deceit, and slander).

In the instant case, as in *Deloria*, Plaintiff alleges that the FBI distorted or otherwise intentionally misrepresented his Alien file by placing a third party's criminal history into

the file and that this lead to USCIS denying him immigration benefits (i.e. his application for naturalization). (See R.1, ¶¶ 39-46). Even assuming that the Plaintiff's allegations were correct, Plaintiff's claim is an intentional tort claim against the United States that is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction. The new claim that government employees manufactured Plaintiff's 1994 arrest and then placed another individual's arrest record into his Alien file (Pet. Br., pp. 33-34), is no less an intentional tort claim than was his previously articulated claim, it is therefore barred by sovereign immunity.

Likewise, the FTCA provides that the United States' waiver of sovereign immunity "does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *see also* 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3658.2 at 701-702 (3d ed. 1998) ("[T]he Act does not subject the United States to liability for constitutional tort claims."). In his complaint, it appeared that Plaintiff alleged a number of constitutional tort claims, specifically, violations of the First, Fifth, Fourteenth, and Fifteenth amendments. (R. 1. pp. 1, 132, 175). To the extent that any of these claims are against the United States, they are also barred by sovereign immunity and were correctly dismissed for lack of jurisdiction.

The district court's decision dismissing Counts I and II of the complaint for lack of subject matter jurisdiction should be affirmed.

14

III.   *THE DISTRICT COURT CORRECTLY DENIED PLAINTIFF'S PRIVACY RIGHTS ALLEGATIONS BECAUSE THEY WERE NOT ALLEGED AGAINST THE DEFENDANT AND ARE BARRED BY THE STATUTE OF LIMITATIONS.*

A.   Standard of Review

The court reviews *de novo* a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure of a claim for "failure to state a claim upon which relief can be granted." *County of McHenry v. Insurance Company of the West*, 438 F.3d 813, 817 (7th Cir. 2006).

B.   Discussion

Plaintiff, argues that this Court should grant him summary judgment because Defendant wrongfully inserted false arrest information in his Alien file which was a violation of the Privacy Act.  Pet. Br., pp. 34-35.  The district court dismissed Plaintiff's privacy rights allegations (Count III) because they were directed at non-federal actors, and hence failed to state a claim under the Federal Privacy Act.  (R. 26, pp. 7-8).  Additionally, the district court found that the applicable statute of limitations barred the claims since the alleged violations took place in 2002 (see e.g., R. 1, ¶¶ 147,154) because the Privacy Act provides for a statute of limitations of two years from the date the cause of action arises. 5 U.S.C. § 552a(g)(5).   (R. 26, p. 8).

As the district court held, the complaint appeared to be directed entirely towards the actions of non-federal entities; specifically, the Milwaukee County Elections Commission (MCEC) and its employees.  (R. 1, ¶¶ 141-61).  A chief component of Plaintiff's complaint was that his privacy rights had been violated by non federal actors.  (R. 1, ¶¶ 141-61).  Plaintiff repeatedly alleged that MCEC employees made statements regarding

15

Plaintiff's arrest for election fraud. For example, Plaintiff asserted that "an *employee of MCEC* who was in charge of disseminating the election process to the initial news media accounts of plaintiff's case proceeded to disregard and violate plaintiff's rights to privacy . . . ." *Id.* at ¶ 146 (emphasis added). Again, he stated that MCEC proceeded . . . to disclose information about the reasons for the Plaintiff's election fraud . . . " and "when the MCEC agency and its employees were giving their press conference, they were acting in direct violation of plaintiff's federal privacy rights." *Id.* at ¶¶ 149 and 153.

As discussed above, the FTCA provides a statutory cause of action against the United States for the tortious conduct of its *employees*. 28 U.S.C. § 2674. Quite simply, the United States is not liable under the FTCA unless the alleged tortfeasor is an "employee of the government." *United States v. Orleans,* 425 U.S. 807, 814 (1976); s*ee also* 28 U.S.C. §§ 1346(b), 2671. Under the FTCA, the term "employee of the government" includes "(1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization . . . ." 28 U.S.C. § 2671. In the complaint, the Plaintiff's invasion of privacy claim is based entirely upon the alleged actions of the employees of the MCEC, which is a non-federal government entity.

Even if those who allegedly violated Plaintiff's privacy were federal employees as contemplated by 28 U.S.C. § 2674, the action still could not stand because these actions took

16

place in 2002.  (See *e.g.*, R.1,  ¶¶ 147,154).  The Privacy Act provides for a statute of limitations of two years from the date the cause of action arises.  5 U.S.C. § 552a(g)(5).

The district court's decision dismissing Plaintiff's privacy claims should be affirmed.

## IV.   *THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED PLAINTIFF'S MOTION FOR RECONSIDERATION*

### A.   Standard of Review

A district court's rulings on a party's motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure are reviewed for abuse of discretion. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511 (7th Cir. 2007).

### B.   Discussion

On appeal, Plaintiff argues that the district court failed to render a decision on Plaintiff's request to enjoin the Social Security Administration from recovering overpayments.  Pet. Br., pp 26-30.  Plaintiff first raised the allegation that he has been denied social security benefits in his memorandum ( R. 29) filed in support of his motion for reconsideration (R. 28).  In his reconsideration memorandum, he argued that he had asked the district court in his complaint to enjoin "the Social Security Administration , from recovering overpayments . . . and withholding future benefits" as well as other relief.  (R. 29, p. 4).  Further, that his Social Security claim was "properly articulated" in paragraphs 156 to 161 of his complaint.  (*Id.*, p. 5).

However, paragraphs 156-161 are found in Part V, Count II of the complaint entitled "Violation of Plaintiff's Privacy Rights," (R. 1, p. 24).  The described paragraphs contain a description of Plaintiff's alleged physical and mental disabilities, but the phrase "Social

17

Security" is not stated; nor is there any prayer for relief in regard to overpayments. (R. 1, pp. 156-61). A diligent perusal of Plaintiff's complaint finds no hint that Plaintiff is alleging he was denied social security benefits amongst his tort and privacy causes of action. In fact, Plaintiff makes no mention that there is a Social Security cause of action in his complaint. The jurisdictional paragraph of his complaint indicates that the action was brought pursuant to the FTCA, the Federal Privacy Act, Civil Rights provisions and alleged violations of the U.S. Constitution. (R. 1, p 1).

Additionally, a 42 U.S.C. § 405(g) appeal for denial of benefits cannot even be presented in district court until the plaintiff receives a final decision from the Commissioner of Social Security. A decision by the Commissioner is "final" only after the plaintiff files a claim with the Commissioner and exhausts the Commissioner's three-tier administrative appeal process, which includes seeking review of the ALJ's determination before the Appeals Council. *Marcus v. Sullivan*, 926 F.2d 604, 612 & n.3 (7th Cir. 1991). Only a plaintiff who proceeds through all three stages receives a final decision from the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986).

As noted, Plaintiff did not raise this issue in his complaint and did not raise it in his brief in opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. Hence, it was inappropriate for him to do so the first time in his motion for reconsideration (R. 29, pp. 4-7). *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994) (A motion to alter or amend a judgment is not appropriately used to present evidence that could and should have been made before the district court rendered a judgment.). Moreover, he

18

failed to support his motion for reconsideration with any explanation for why this issue was not raised in his brief in opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, or for why it was not mentioned in the complaint.

Therefore, the district court correctly denied the motion for reconsideration because a reconsideration motion should not be used to raise new arguments that the parties could have raised earlier. Rather, a motion for reconsideration should be used to correct "manifest error of law or fact." *Abcarian v. McDonald*, 617 F.3d 931, 942-43 (7th Cir. 2010). "To prevail . . ., the movant must present either newly discovered evidence or establish a manifest error of law or fact." *See Oto v. Metro Life Ins. Co.*, 224 F.3rd 606, 606 (7th Cir. 2000) (citing, *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Plaintiff failed to present newly discovered evidence of a manifest error of law or fact in support of his motion for reconsideration. The decision of the district court denying Plaintiff's motion for reconsideration should be affirmed.

19

**CONCLUSION**

For the reasons stated herein, this Court should affirm the District Court's decision dismissing Plaintiff's complaint.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2011.

Respectfully submitted,

JAMES L. SANTELLE
United States Attorney

By:    /s Brian E. Pawlak
       BRIAN E. PAWLAK
       Assistant United States Attorney

530 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, pursuant to Circuit Rule 32(a)(7)(B)(I) that this brief complies with the type volume limitations in Circuit Rule 32(a)(7)(B)(I) because it contains 4813 words according to the word processing system used to prepare the brief.

I hereby certify that on the 7th day of December, 2011, a PDF version of the Brief of Defendant-Appellee was uploaded via the Internet, and that two (2) hard copies and a diskette containing the Brief of Defendant-Appellee were mailed to Fidelis I. Omegbu, Plaintiff-Appellant, P.O. Box 76383, Milwaukee, WI 53216; and further that all parties to be served have been served.

/s Brian E. Pawlak
BRIAN E. PAWLAK
Assistant United States Attorney

530 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700